IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

PEDRO A. TORRES MELENDEZ
ROSA CANTRE VAZQUEZ

    Debtors

CASE NO. 19-02803 (ESL)

CHAPTER 13

PEDRO A. TORRES MELENDEZ
ROSA CANTRE VAZQUEZ

    Plaintiffs

vs.

COLLAZO CONNELLY & SURILLO, LLC
BALDOMERO COLLAZO TORRES

    Defendant

ADV. PROC. No. 19-0400

OPINION AND ORDER

This adversary proceeding is before the court upon the motion to dismiss filed by codefendant Baldomero Collazo Torres, which was joined by codefendant COLLAZO CONNELLY & SURILLO, LLC on January 9, 2020, and the opposition filed by plaintiffs, Pedro A. Torres Meléndez and Rosa Cantre Vázquez. Defendants request the dismissal of the adversary proceeding pursuant to Rule 12(b)(6) of the Fed. R. Civ. P., made applicable through Fed. R. Bankr. P. 7012(b), for three reasons: the bankruptcy court lacks subject matter jurisdiction, the service of summons is defective, and the complaint fails to state a claim upon which relief may be granted. Plaintiffs oppose the motion to dismiss alleging that the bankruptcy court has related to jurisdiction over the claims under the Fair Debt Collection Practices Act ("FDCPA"), the summons issued by the court were duly served on defendants, and the factual allegations in the

-1-

complaint are sufficient to establish that defendants are debt collectors and violated the FDCPA provisions in 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), and 1692g(a)(10).

Background

On May 8, 2019, the defendants sent a letter to plaintiffs informing that their mortgage loan had been referred to the law offices of COLLAZO, CONNELLY & SURILLO, LLC to proceed with the judicial recovery of their debt and/or foreclosure sale.  The referral to the law offices of COLLAZO, CONNELLY & SURILLO, LLC was made by Banco Popular de Puerto Rico.  The letter indicates that plaintiffs have thirty (30) days from the mailing of the letter to pay the amount in arrears and that if payment is not received within thirty (30) days from the mailing of the letter, it will result in the acceleration of the sums secured by their mortgage.  The letter also states that plaintiffs have thirty (30) days from the mailing of the communication to question the validity and/or correctness of the debt that is being claimed.

On May 16, 2019, the debtors/plaintiffs received the letter.  On May 17, 2019 the debtors filed a chapter 13 bankruptcy petition.  Defendants did not pursue any action after petition date. On January 14, 2020 the court entered an order confirming the chapter 13 plan dated August 6, 2019.

On July 19, 2019 the plaintiffs filed the instant adversary proceeding. Plaintiffs invoke jurisdiction under 28 U.S.C. §157(a)(b)(1) and 28 U.S.C. § 1334 alleging that the facts arise in connection with a case under the Bankruptcy Code and concern property of the debtors. The complaint includes four causes of action premised on violations to the FDCPA, 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), and 1692g(a)(10). All four causes of action are based on the same allegation, that is, that the letter sent by defendants states that debtor/plaintiffs "have a term of thirty (30) days from the date of **mailing** of this communication" to pay the arrears on the mortgage or to question the validity or correctness of the debt.  Plaintiffs allege that the notice in the letter is not in accordance with the provisions in the FDCPA, as 15 U.S.C. §1692g(a)(3) states that the response by the debtor must be made "within thirty (30) days **after receipt** of notice."

The above factual background is not disputed by the parties to this action.

<u>Jurisdiction of bankruptcy court to consider actions under the FDCPA</u>

The jurisdiction of bankruptcy courts over actions under the FDCPA was examined by this court in <u>In re Roman-Perez</u>, 527 B.R. 844 (Bankr. P.R. 2015). The court will summarize the same in order to determine whether there is subject matter jurisdiction to entertain the allegations in the complaint.

The jurisdiction of bankruptcy courts is created and limited by statute. Bankruptcy courts have subject matter jurisdiction over proceedings "arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). An action is related to bankruptcy if the outcome could alter the debtors' rights, liabilities, options, or freedom of action, and which in any way impacts upon the handling and administration of the bankruptcy estate.

The facts in the complaint before the court and the legal basis under the FDCPA for the cause of action do not allege any violation to the automatic stay provisions under section 362(a) of the Bankruptcy Code nor to the discharge provisions under the Bankruptcy Code. Thus, the debtors do not have remedies available under the Bankruptcy Code. The request for damages is strictly based on violations of the FDCPA. In this case there is a confirmed chapter 13 plan which provides for the surrender of the collateral guaranteeing the lien held by Banco Popular de Puerto Rico. Any income or proceeds that the plaintiffs/debtors may ultimately gain from this action must be used to fund and increase the base of the confirmed chapter 13 plan as the same constitutes property of the estate pursuant to 11 U.S.C. § 1306.

Therefore, the court finds that is has subject matter jurisdiction over the present action.

<u>Service of summons</u>

Service of summons to defendants in an adversary proceeding in bankruptcy must be made in accordance with the provisions in Fed. R. Bankr. P. 7004. Although the body of the summons issued to defendants does not include the name of the defendant, the caption of the complaint does. The plaintiffs certified to the court on August 8, 2019 that service of the summons and complaint were served on both Baldomero A. Collazo Torres, Esq. and Collazo, Connelly &

Surillo, LLC at 33 Resolución St. Suite 201, San Juan, PR 00920-2727. Moreover, the certificate of service of summons attached to defendants' motion to dismiss include evidence that the same were served by mail to Lcdo. Baldomero Torres and Lcda. Adela Surillo Gutierrez (not a defendant) by Jelixa De Jesus on July 24, 2019. Also, on January 2, 2020 the court denied defendants' motion to quash the summons served on Ms. Xana Connelly. The service on Ms. Connelly is to reinforce the prior service on the defendant law firm, Collazo, Connelly & Surillo, LLC. Neither attorney Surillo nor Ms. Connelly are individual defendants to this action. Their law firm is. The only individual defendant is attorney Baldomero Collazo.

Therefore, the court concludes that the defendants have been duly served and that there is in personam jurisdiction over the defendants.

Failure to state a claim upon which relief may be granted.

"The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer." Velez-Arcay v. Banco Santander de P.R. (In re Velez-Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013), citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita-Acosta v. Reparto Saman Inc. (In re Surita-Acosta), 464 B.R. 86, 90 (Bankr.D.P.R. 2012). Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 622 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a

-4-

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit (the "First Circuit") established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Step one is to isolate legal conclusions. Step two is to take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. Also see Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561 at **9-10 (Bankr. D.P.R. 2013); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 140 (D. Mass. 2012); Guadalupe-Báez v. Pesquera, 2016 U.S. App. Lexis 7173, *7 (1st Cir. 2016).

Plaintiffs allege in the complaint that "[d]efendant is a 'debt collector' and collection agency' as those terms are defined [in] the FDCPA." Plaintiffs make allegations in each count as to the letter sent by defendants regarding their default in the mortgage payments. Defendants question in the motion to dismiss that they are a debt collector as defined in the FDCPA because the prohibitions in the FDCPA apply only to debt collectors. Defendants further contend that the definition of debt collector generally excludes creditors. Defendants also contend that the letter sent to debtors/plaintiffs is not a debt collection activity.

The main purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. See 11 U.S.C. §1692(e).  The filing of a bankruptcy petition does not negate the protections of the FDCPA.  In re Roman-Perez, 527 B.R. 844, 860.  In order to prevail on an FDCPA claim the plaintiff must prove that: it was the object of collection activity arising from consumer debt, defendants are debt collectors as defined by the FDCPA, and defendants have engaged in an act or omission prohibited by the FDCPA. In re Roman-Perez, 527 B.R. 844, 862.

A determination as to whether a law firm is a debt collector within the meaning of the FDCPA hinges on finding that the law firm regularly collects debts and depends on an analysis of factors to that end.  Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, 374 F.3d 374 (2d Cir. 2004).  See also Hoffmann v. Wells Fargo Bank, N.A., 2019 WL 186093 (U.S. D.C. E. D. Pa. January 11, 2019).  Although the pleadings in the complaint are terse regarding the nature and extent of defendants' debt collection activities, the motion to dismiss also lacks factual basis to determine otherwise, irrespective of plaintiffs' burden. Weiner v. Rushmore Loan Management Services, LLC & MTGLQ Investors, LP, 2019 WL 6619209 (D. Mass. December 5, 2019).

Consideration of a motion to dismiss requires the court to assume the truth of all well-plead facts and give the benefit of all reasonable inferences therefrom.  A complaint that states a claim plausible on its face survives a motion to dismiss.   The complaint identifies defendants as debt collectors and describes their actions.  However, there are no factual allegations which may lead this court to find that defendants were exclusively hired to carry out non-judicial foreclosure. Obduskey v. McCarthy & Holthus LLP, ___ U.S. ___, 139 S. Ct. 1029, 1033, 202 L.Ed. 2d 390 (2019). See also Jones v. Dolan Connly, P.C., 2019 WL 6841823 (D. Mass. December 16, 2019).

The court finds that the pleadings in the complaint and the inferences therefrom satisfy plausibility that defendants were debt collectors. Therefore, the motion to dismiss under Rule 12(b)(6) must be denied.

## CONCLUSION

In view of the foregoing reasons, the defendants' motion to dismiss is hereby denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3d day of February 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge